IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARK Q. GALLOWAY, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-17-821
:
CYNTHIA LINK, :
: (Judge Conaboy)
:
    Respondent :

**MEMORANDUM**
**Background**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Mark Q. Galloway, an inmate presently confined at the State Correctional Institution, Graterford, Pennsylvania (SCI-Graterford). Accompanying the petition is a supporting memorandum. The required filing fee has not been paid and an in forma pauperis application has not been submitted..

Named as Respondent is SCI-Graterford Superintendent Cynthia Link.[1] Galloway states that he plead guilty on September 8, 2008 to charges of attempted murder (4 counts); aggravated assault (5 counts); and two violations of the Uniform Firearms Act in the Lancaster County Court of Common Pleas. See Doc. 1,

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242.

1

¶¶ 1-6; Commonwealth v. Galloway, 2016 WL 5266563 (Pa. Super. July 25, 2016). Petitioner is presently serving a forty-one and a half (41½) to one hundred (100) year term of imprisonment which was imposed on December 22, 2008. The judgment of sentence was affirmed on July 19, 2010. See Commonwealth v. Galloway, 991 A.2d 356 (Pa. Super 2010).

Petitioner's present action argues that his guilty plea was unknowing, unintelligent, and involuntary due to ineffective assistance of counsel. Galloway also contends that he was compelled to use a self-appointed trial counsel and that counsel on direct appeal and during his proceedings under Pennsylvania's Post Conviction Relief Act (PCRA) provided ineffective assistance.[2] The petition also raises due process and equal protection claims with respect to Galloway's pursuit of PCRA relief.

## Discussion

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

---

[2] One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

2

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitioner is presently confined at SCI-Graterford which is located within the confines of the United States District Court for the Eastern District of Pennsylvania. Galloway is attacking the legality of a sentence which was imposed by the Lancaster County Court of Common Pleas, which is also located within the jurisdiction of the Eastern District of Pennsylvania. See 28 U.S.C. § 118(a).

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a)

3

applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since Petitioner's present place of confinement and the sentencing court, as well as any records, witnesses and defense counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: MAY 15th, 2017

4